UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

        -against-

APPROXIMATELY 250 DOCUMENTS
CONTAINING THE FORGED
HANDWRITING OF PRESIDENT JOHN F.
KENNEDY AND OTHERS,

                    Defendants-in-rem.

MEMORANDUM DECISION
AND ORDER
03 Civ. 8004 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

        Claimants Deborah Lee Sabolich and John Sabolich move this Court pursuant to 28 U.S.C. § 2465 for reasonable attorneys' fees and other litigation costs incurred in connection with this civil forfeiture action. Claimants seek $32,513.75 in attorneys' fees, $2,064.74 in litigation costs, and $3,000.00 for the cost of filing this motion.

        This Court referred the matter to Magistrate Judge Kevin N. Fox for his Report and Recommendation ("Report"). Magistrate Judge Fox issued a Report recommending that claimant's motion be granted to the extent that the claimants be awarded $16,005.89 for reasonable attorneys' fees, $25 for litigation costs, and post-judgment interest calculated as provided by 28 U.S.C. § 1961.

        The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to

1

which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party filed objections to the Report. This Court adopts the Report and its recommendation in its entirety.

Magistrate Judge Fox correctly concluded that claimants are entitled to recover their reasonable attorneys' fees and litigation costs because they substantially prevailed in the underlying forfeiture action. Claimants sought to retrieve eleven documents from the government plaintiff, who acquired the documents when claimants complied with a subpoena issued in a criminal action based on a four-year scheme of creating and selling approximately 250 forgeries purporting to be writings by President John F. Kennedy. In a September 5, 2008 Memorandum Decision and Order, this Court ordered the plaintiff to turn over to claimants the

eleven documents claimants produced in response to plaintiff's subpoena.[1] Because claimants achieved substantially the purpose of their underlying action, by retrieving their eleven documents, claimants are entitled to recover reasonable attorneys' fees and costs.

Magistrate Judge Fox also correctly determined that claimants are entitled to $16,005.89 in legal fees and expenses, $25 in litigation costs, and post-judgment interest. In consideration of the factors outlined by the Second Circuit in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008), the Magistrate Judge properly reasoned that claimants are entitled to reasonable attorneys' fees for 100 hours of legal services at a reasonable hourly rate, in the amount of $14,150, and $1,855.89 in out-of-pocket expenses incurred over the course of this litigation. Claimants are also entitled to $25 in other litigation costs, as well as post-judgment interest as calculated under 28 U.S.C. § 1961.

---

[1] This Court directed the government plaintiffs to return to claimants "the eleven documents that they produced in response to the Government's subpoena" and "stamp the reverse side of each document to indicate its conclusion that the document is a forgery."

## Conclusion

This Court adopts the Report and Recommendation in its entirety. Claimants' motion for attorneys' fees and other litigation costs is GRANTED to the extent recommended by the Magistrate Judge.

Dated: April 30, 2012
New York, New York

SO ORDERED

GEORGE B. DANIELS
United States District Judge